MR. JUSTICE MORRISON,
specially concurring:
*286 I concur in the result but disagree with “rational basis” as the premise for this result.
The Montana State Constitution, Article II, Section 10, provides:
“The right of individual privacy is essential to the well-being of a free society and shall not be infringed without the showing of a compelling state interest.”
Subsection 2 of Section 39-2-304 subjects employees of public law enforcement agencies to an invasion of their right to privacy by allowing employers to require them to submit to polygraph examinations. It is difficult to conceive of a greater privacy invasion and although it could be argued there is a compelling state interest to require police officers to submit to polygraph examinations there is no compelling state interest requiring all employees of public law enforcement agencies to so submit.
This case involves the implication of a fundamental right, that is the right of privacy, and therefore strict scrutiny attaches. White v. State (Mont. 1983), [203 Mont. 363], 661 P.2d 1272, 40 St.Rep. 507.
I agree with the majority opinion that there is no justifiable basis for this class legislation. However, it is important to note that our State Constitution, in this case, extends greater protection than does the Federal Constitution. There is a specific privacy provision in our State Constitution which implicates a fundamental right and requires a strict scrutiny analysis. This may or may not be true under the Federal Constitution. We accorded a broader equal protection in White v. State, supra, on the basis of constitutional language present in the Montana State Constitution but not present in the Federal Constitution. The same rationale applies here and provides a solid basis for turning this case on the State Constitution rather than the Federal Constitution.
Subsection 2 of Section 39-2-304, MCA, is unconstitutional and must be stricken from the statute. Subsection 1 of the same statute provides that no employee shall be sub *287 jected to a polygraph examination and this language protects Bruce P. Oberg, the appellant.
MR. JUSTICES HARRISON and WEBER concur.